In Prohibition. On relator's motion for emergency stay and expedited alternative writ. Motion granted. The following briefing schedule is set for presentation of evidence and filing of briefs pursuant to S.Ct.Prac.R. 12.05. Respondent shall file an answer within three days of the date of this entry, relator shall file a merit brief and evidence within seven days of the filing of respondent's answer, respondent shall file a merit brief and evidence within seven days of the filing of relator's brief, and relator may file a reply brief within three days after the filing of respondent's merit brief. Enforcement of the August 15, 2018 temporary restraining order is stayed pending resolution of this case.
Fischer, J., concurs in part and dissents in part and would grant the motion for expedited alternative writ, and grant the motion for emergency stay in part and deny the stay of the trial court's temporary restraining order.
O'Connor, C.J., dissents and would grant a peremptory writ.
O'Donnell, J., dissents, with an opinion.
O'DONNELL, J., dissenting.
*64 {¶ 1} I would deny the stay and the request for an alternative writ of prohibition in this case. The trial judge, Robert Ruehlman, granted a temporary restraining order with respect to implementation of the Competitive Balance Rules and found that the Ohio High School Athletic Association acted arbitrarily by drafting Competitive Balance Rules that failed to consider whether a particular school's team was competitive, and how those rules would affect Catholic schools whose students came from various feeder schools. Competitive Balance involves the formula used to determine a school's placement in a particular division for tournaments.
{¶ 2} This court previously held that OHSAA is "an unincorporated association, and the decisions of the tribunals of such association with respect to its internal affairs will, in the absence of mistake, fraud, collusion or arbitrariness, be accepted by the courts as conclusive." State ex rel. Ohio High School Athletic Assn. v. Judges of Court of Common Pleas, 173 Ohio St. 239, 181 N.E.2d 261 (1962), paragraph three of the syllabus.
{¶ 3} However, courts of this state have exercised jurisdiction in cases involving a suspension for improper recruitment of football players ( Massillon City School Dist. v. Ohio High School Athletic Assn., 5th Dist. Stark No. 7247, 1987 Ohio App. LEXIS 9541, at *6-7, 1987 WL 19827 (Nov. 5, 1987) ), and, in a separate case, involving a refusal to leave a meeting, attempting to control the meeting, and mispresenting facts to a national office ( Biesiada v. Ohio Soccer Assn. N., 8th Dist. Cuyahoga No. 65880, 1994 Ohio App. LEXIS 3348 (July 28, 1994) ).
{¶ 4} Since the "arbitrary" exception finding to quasi-judicial decision making has already been made by the trial court when it issued the temporary restraining order in this case, there is no reason to grant an alternative writ of prohibition on the question of the application of the "arbitrary" exception. Because the trial court has already found that the exception applies, the court has jurisdiction in this instance. Accordingly, I would deny the writ.